UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT SNYDER, as Trustee
of the Plumbers & Steamfitters
Local No. 7 Pension, Welfare,
and Annuity Funds, **et al.**,

                      1:15-cv-173
       **Plaintiffs,**          (GLS)

      v.

**PACE PLUMBING & HEATING,
INC. et al.**,

       **Defendants.**
_____

## SUMMARY ORDER

Before the court is plaintiffs'[1] motion for attorneys' fees. (Dkt. No. 12.) Plaintiffs commenced this action against defendants Pace Plumbing & Heating, Inc. and Michael C. Pachucki alleging delinquent contributions to employee benefit funds in violation of the collective bargaining agreement between the parties and the Employee Retirement Income Security Act

---

[1] Plaintiffs are Robert Snyder, Daniel Keating, Peter Campito, Timothy J. Carter, Paul R. Fredericks, and Edward Nadeau, as Trustees of the Plumbers & Steamfitters Local No. 7 Pension, Welfare, and Annuity Funds; Edward Nadeau, as Trustee of the Plumbers & Steamfitters Local No. 7 Betterment and Apprentice Training Funds and the Elaqua-Walsh Scholarship Fund, and the Plumbers and Pipefitters National Pension Fund; and United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada Local No. 7. (Compl., Dkt. No. 1.)

(ERISA).² (Compl., Dkt. No. 1.) After defendants failed to appear, (Dkt. No. 6), and the Clerk made an entry of default, (Dkt. No. 8), the court granted plaintiffs' motion for a default judgment. (Dkt. Nos. 10, 11.) Plaintiffs now seek attorneys' fees to compensate their efforts to recover the delinquent contributions. (Dkt. No. 12.)

Plaintiffs request $8,820 in attorneys' fees for forty-two hours of work by their counsel at a rate of $210 per hour. (*Id.*, Attach. 2 at 3.) Plaintiffs' counsel submitted that he has been a licensed attorney for over thirty-five years and has represented individuals, businesses, and employee plans in civil litigation and transactional matters. (*Id.*, Attach. 1 at 3-4.) He also provided a detailed billing record accounting for the time spent on this case. (*Id.* at 7-12.)

In ERISA contribution cases, fiduciaries are statutorily entitled to recover reasonable attorneys' fees. *See* 29 U.S.C. § 1132(g)(2)(D). To set a reasonable hourly rate, courts consider "the rate a paying client would be willing to pay" by "bear[ing] in mind *all* of the case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Plaintiffs request the prevailing

---

² *See* 29 U.S.C. §§ 1001 - 1461.

hourly rate courts in the Northern District of New York have awarded experienced counsel in similar ERISA cases to recover unpaid contributions. *See Upstate N.Y. Eng'rs Health Fund v. FMC Demolition, Inc.*, No. 5:13-cv-1307, 2015 WL 401113, at *7 (N.D.N.Y. Jan. 28, 2015) (awarding a $210 hourly fee for case entered on default judgment); *see also Upstate N.Y. Eng'rs Health Fund v. Ransom*, No. 5:13-cv-01434, 2015 WL 145441, at *5 (N.D.N.Y. Jan. 12, 2015) (same). The court finds that a $210 hourly rate is reasonable, and that forty-two hours expended on the matter is similarly reasonable. Therefore, plaintiffs are entitled to reasonable attorneys' fees of $210 multiplied by forty-two hours, or $8,820. *See Arbor Hill*, 522 F.3d at 190.

Accordingly, it is hereby,

**ORDERED** that plaintiffs' motion for attorneys' fees pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(D), in the amount of $8,820 (Dkt. No. 12) is **GRANTED**, and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 23, 2015
Albany, New York

Gary L. Sharpe
U.S. District Judge

4